UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL NIEVES, | |
| Plaintiff, | |
| -against- | 21-CV-7171 (LJL) |
| MIRIAM R. BEST – ACTING SUPREME COURT JUSTICE; CHRISTOPHER RIVET – ASSISTANT DISTRICT ATTORNEY; BRANDON RIDDLE – ASSTSTENT DISTRICT ATTORNEY; FIRE MARSHAL, PHILIP MEAGHER, #38; POLICE OFFICER, JAMES MARCINEK, #20371; POLICE OFFICER, RUFIAN ARSHAD, #20210; THE CITY OF NEW YORK | ORDER OF SERVICE |
| Defendants. | |

LEWIS J. LIMAN, United States District Judge:

Plaintiff, currently held in the Bellevue Hospital Prison Ward, brings this *pro se* action under 42 U.S.C. § 1983 ("Section 1983"), alleging that Defendants violated his federal constitutional rights. Plaintiff seeks damages as well as declaratory and injunctive relief. He sues: (1) Acting Justice Miriam R. Best of the New York Supreme Court, New York County; (2) New York County Assistant District Attorney Christopher Rivet; (3) New York County Assistant District Attorney Brandon Riddle; (4) Fire Marshal Philip Meagher; (5) New York City Police Officer James Marcinek; (6) New York City Police Officer Rufian Arshad; and (7) the City of New York.

Plaintiff filed with his complaint an application for a temporary restraining order and a preliminary injunctive ("TRO application"), as well as an application for the appointment of counsel. (ECF 3, 6.)

By order dated September 2, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP").[1]

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

**A.    Justice Best**

The Court must dismiss Plaintiff's Section 1983 claims against Acting Justice Miriam Best of the New York Supreme Court, New York County. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff's claims against Justice Best arise from Justice Best's decisions in Plaintiff's pending criminal proceedings in the New York Supreme Court, New York County. This conduct is well within the scope of a judge's duties. Justice Best is therefore immune from suit under the doctrine of judicial immunity. Accordingly, the Court dismisses Plaintiff's Section 1983 claims against Justice Best under the doctrine of judicial immunity, and as frivolous.[2] *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").

---

[2] The amendment to Section 1983, allowing for injunctive relief against a judge only if a state-court declaratory decree was violated or state-court declaratory relief is unavailable, precludes Plaintiff from seeking injunctive and declaratory relief against Justice Best. This is so because he can appeal Justice Best's decisions in the state appellate courts. *See generally Berlin v. Meijia*, No. 15-CV-5308, 2017 WL 4402457, at *4 (E.D.N.Y. Sept. 30, 2017) ("Here, no declaratory decree was violated and declaratory relief is available to plaintiffs through an appeal of the state court judges' decisions in state court."), *appeal dismissed*, No. 17-3589 (2d Cir. Apr. 18, 2018) (effective May 22, 2018).

B.      **Rivet and Riddle**

The Court must also dismiss Plaintiff's Section 1983 claims against Assistant District Attorneys Brandon Riddle and Christopher arising from their prosecutorial actions against Plaintiff. Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that absolute immunity is analyzed under "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it"). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Plaintiff's Section 1983 claims against Assistant District Attorneys Rivet and Riddle arise from their prosecution of him. The Court therefore dismisses Plaintiff's Section 1983 claims for damages against these defendants under the doctrine of prosecutorial immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

C.      **Remaining claims for relief**

In addition to claims for damages, Plaintiff asserts, in both the complaint and TRO application, claims for injunctive and declaratory relief in which he challenges his pending criminal prosecution in the New York Supreme Court, New York County, and seeks his release from custody. The proper federal vehicle to challenge Plaintiff's prosecution and seek his release, however, is not action brought under Section 1983, but rather a petition for a writ of *habeas corpus*. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

4

Under 28 U.S.C. § 2241(c)(3), *habeas corpus* relief is available to a person "in custody in violation of the Constitution or laws or treaties of the United States." A prisoner in state custody generally must challenge his confinement in a *habeas corpus* petition under 28 U.S.C. § 2254, but such relief is available under Section 2241 to a state pretrial detainee challenging his custody as unlawful under the Constitution or federal law. *See Robinson v. Sposato*, No. 11-CV-0191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012); *see also Hoffler v. Bezio*, 831 F. Supp. 2d 570, 575 (N.D.N.Y. 2011), *aff'd on other grounds*, 726 F.3d 144 (2d Cir. 2013); *Marte v. Berkman*, No. 11-CV-6082, 2011 WL 4946708, at *5 (S.D.N.Y. Oct. 18, 2011), *aff'd on other grounds sub nom.*, *Marte v. Vance*, 480 F. App'x 83 (2d Cir. 2012) (summary order).

Before seeking Section 2241 *habeas corpus* relief, a state pretrial detainee must first exhaust his available state-court remedies. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [Section 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."). In the pretrial context, such exhaustion includes seeking *habeas corpus* relief in the state courts and, if necessary, appealing all the way up to the New York Court of Appeals, the State of New York's highest court. *See* N.Y.C.P.L.R. § 7001, *et seq.*

Plaintiff has not brought a petition for a writ of habeas corpus. The Court therefore dismisses Plaintiff's claims for injunctive and declaratory relief, and denies his TRO application, without prejudice to Plaintiff's filing a petition for writ of *habeas corpus* under Section 2241 after he has exhausted his available state-court remedies.[3]

---

[3] Under the gatekeeping provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a *habeas corpus* petitioner must obtain authorization from the appropriate Court of Appeals before filing a second or successive *habeas corpus* petition. *See* 28 U.S.C.

**D.      Application for the appointment of counsel**

The factors to be considered in ruling on an indigent plaintiff's request for counsel include the merits of the case, the plaintiff's efforts to obtain a lawyer, and the plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. And even if a court does believe that a litigant should have a free lawyer, under the IFP statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Because it is too early in the proceedings for the Court to assess the merits of the action, the Court denies Plaintiff's application for the appointment of counsel (ECF 5) without prejudice to Plaintiff's filing an application for the Court to request *pro bono* counsel at a later date.

**E.      Service on Meagher, Marcinek, Arshad, and the City of New York**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve

---

§ 2244(b)(3)(A). A petition is "second or successive" if a previous *habeas corpus* petition was decided on the merits. *See Graham v. Costello*, 299 F.3d 129, 132 (2d Cir. 2002). Because conversion of a submission into a *habeas corpus* petition may restrict a petitioner's future attempts to seek *habeas corpus* relief, district courts must normally give a *pro se* petitioner notice and an opportunity to withdraw his submission before a court recharacterizes it as a Section 2241 petition. *See Simon v. United States*, 359 F.3d 139, 144 (2d Cir. 2004). This provision is not triggered because the Court is not converting his complaint into a petition. Moreover, giving Plaintiff notice and granting him an opportunity to withdraw is unnecessary because a litigant's failure to exhaust available state-court remedies does not trigger the AEDPA's restrictions on second or successive petitions. *See Slack v. McDaniel*, 529 U.S. 473, 489 (2000).

all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Fire Marshal Philip Meagher, Officer James Marcinek, Officer Rufian Arshad, and the City of New York through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against Justice Best under the doctrine of judicial immunity and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

The Court dismisses Plaintiff claims against Assistant District Attorneys Riddle and Rivet under the doctrine of prosecutorial immunity. *See id.*

The Court also dismisses Plaintiff's remaining claims for injunctive and declaratory relief in his complaint, and denies his application for a temporary restraining order and a preliminary injunction (ECF 3), without prejudice to Plaintiff's filing a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 after Plaintiff has exhausted his available state-court remedies.

The Court further denies Plaintiff's application for the appointment of counsel without prejudice to Plaintiff's filing an application for the Court to request *pro bono* counsel at a later date. (ECF 6.)

The Clerk of Court is further instructed to issue summonses, complete the USM-285 forms with the addresses for Fire Marshal Philip Meagher, Officer James Marcinek, Officer Rufian Arshad, and the City of New York, and deliver to the U.S. Marshals Service all documents necessary to effect service on these defendants.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 13, 2021
         New York, New York

_____
          LEWIS J. LIMAN
     United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Phillip Meagher, Shield No. 38
   Fire Marshal
   FDNY Bureau of Fire Investigations
   9 MetroTech Center, 8th Floor
   Brooklyn, New York 11201-3857

2. James Marcinek, Shield No. 20371
   Police Officer
   30th Precinct
   451 West 151st Street
   New York, New York 10031

3. Rufian Arshad, Shield No. 20210
   Police Officer
   30th Precinct
   451 West 151st Street
   New York, New York 10031

4. The City of New York
   New York City Law Department
   100 Church Street
   New York, New York 10007